# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | **CASE NO. 1:22-cr-408 (CKK)** |
| v. : | |
| : | |
| **EDWARD KELLEY,** : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S NOTICE OF EXPERT TESTIMONY

Pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, the United States hereby provides notice that it may introduce the testimony of an expert witness as described in the attached letter, which was provided to defense counsel on September 4, 2024 (signed version provided September 16, 2024). The government will supplement these disclosures as appropriate and sufficiently before trial to provide the defense a fair opportunity to meet the evidence. See Fed. R. Crim. P. Rule 16(a)(1)(G)(ii).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: s/ *Patrick Holvey*
PATRICK HOLVEY
DC Bar No. 1047142
Assistant United States Attorney
United States Attorney's Office
601 D Street N.W.
Washington, D.C. 20530
Telephone: 202-252-7224
Patrick.Holvey@usdoj.gov



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington DC, 20004*

**September 4, 2024**

<u>Via Email</u>

Mark E. Brown
Menefee & Brown, P.C.
2633 Kingston Pike, STE. 100
Knoxville, Tennessee 37919
Phone: (865) 357-9800
mbrown@menefeebrown.com

    Re:    *United States v. Edward Kelley*, 1:22-cr-408 (D.D.C.)
            Expert Witness Disclosure  -  Pasquale J. Rinaldi, Jr., FBI
                             Stephen D. McFall, Security Effects

Dear Counsel:

    The United States of America, by and through undersigned counsel, hereby provides notice and a written summary of the testimony of the anticipated expert witness described below, whom the government may call at trial during its case-in-chief, in compliance with its obligations under Federal Rule of Criminal Procedure 16(a)(l)(G), Federal Rules of Evidence 702, 703, and 705. The United States may choose not to call or not to elicit any of the testimony outlined in this notice as well.

    The witness may also testify as a fact witness in this case regarding matters about which the witness has personal knowledge under Federal Rule of Evidence 602 and about which the witness may opine under Federal Rule of Evidence 701. This notice pertains only to the potential expert testimony which may be offered through the witness and does not serve either to summarize the witness' fact testimony or to limit the subject areas about which the witnesses will testify as fact witnesses.

    Further, in delivering this notice, the government does not contend or concede that the testimony described below necessarily qualifies as expert testimony under Federal Rule of Evidence 702 or implicates the disclosure requirements of Federal Rule of Criminal Procedure

16(a)(l)(G), Federal Rule of Evidence 702, or *Daubert* v. *Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993). Instead, if not required, the government is providing this notice as a courtesy to counsel in an effort to avoid undue surprise and to make efficient use of the Court's time.

The witness will testify pursuant to a trial subpoena. If the United States has reached an expert agreement with the witness or provided remuneration for the witness' time in consulting and testifying, this information is provided below or by attachment to this notice. The witness may also receive coverage of regular expenses which the government and/or the witness' employing agency may payor reimburse for all witnesses (expert or nonexpert) associated with their travel and accommodations during the trial.

The United States acknowledges its continuing duty to disclose evidence or material obtained before or during trial pursuant to Federal Rule of Criminal Procedure 16(c). Should unexpected events arise between now and the trial which might require additional or different expert testimony, the United States will promptly seek the Court's permission to offer the testimony of additional and/or alternative expert witnesses.

### I.   Legal Standard

Under Federal Rule of Evidence 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise" if:

- (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
- (b) the testimony is based on sufficient facts or data;
- (c) the testimony is the product of reliable principles and methods; and
- (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Under Federal Rule of Criminal Procedure 16(a)(l)(G) (as amended on December 1,2022), the government must disclose the information pertaining to the witness and the witness' opinions outlined in Rule 16(a)(l)(G)(iii). To the extent that information has been previously disclosed, this notice is intended to supplement and not replace that information. If you believe that some aspect of this notice if deficient, please contact us promptly to discuss.

### II.   Expert Testimony - Digital Forensics

This notice relates to the potential opinion testimony of:

(a) Pasquale J. Rinaldi, Jr., a Senior Digital Forensic Examiner, at the FBI Knoxville Field Office. Rinaldi may be called as an expert witness in the field of digital forensics. The United States may offer this testimony during its case-in-chief and in rebuttal.

    (b) Stephen D. McFall, a Lead Engineer at Security Effects (Knoxville, TN) and, until 2022, a Special Agent with the FBI in the Knoxville Division who was from 1996-2022 a Digital Evidence Forensic Examiner. McFall may be called as an expert witness in the field of digital forensics. The United States may offer this testimony during its case-in-chief and in rebuttal.

### A. Opinions to be Elicited

Rinaldi and/or McFall will offer testimony based on his review of the digital evidence collected in this case from the defendant's cellular phone and from image/video files received by an Online Covert Employee (OCE) with the FBI. Their opinions are contained within Reports of Examination dated September 1, 2022, and September 20, 2023 (report and attachment bearing FBI designations 0176-KX-353448_0000071 (and related) and 266Z-KX-3696673_0000091 (and related). They will testify about the information contained in the report including dates when certain images were created or stored on the device and the digital location where the images were stored. They will explain how digital files are saved to a cellular device and how they can be recovered through digital forensics. They will testify about the recovery of deleted files and will describe certain files recovered from the defendant's phone that had previously been deleted by the user.

### B. Basis for Opinions

Rinaldi's conclusions are based on his personal examination of the digital evidence, as well as his training, education, and experience.

McFall's conclusions are based on his personal examination of the digital evidence, as well as his training, education, and experience.

### C. Expert Qualifications

Rinaldi's qualifications to testify are contained within his Curriculum Vitae, attached as Exhibit A. Rinaldi has no publications.

McFall's qualifications to testify are contained within his Curriculum Vitae, attached as Exhibit B. McFall has previously contributed to the following publication:

    *Federal Guidelines for Searching and Works Seizing Computers*, July 1994. U.S. Department of Justice.

### D. Prior Testimony

Below is a list of all trials or depositions in which Rinaldi has offered expert testimony in the last four years:

1. *United States v. Anming Hu,* U.S. District Court EDTN, June 2021
2. *United States v. Xiarong You,* U.S. District Court EDTN, September 2020

3. *United States v. Michael Benanti,* U.S. District Court EDTN, February 2017

Below is a list of all trials or depositions in which McFall has offered expert testimony in the last four years:

1. *State of Tennessee vs. William Riley Gaul*, Knox County (TN) Criminal Court, May 2018
2. *State of Tennessee vs. Tyler Ward Enix*, Knox County (TN) Criminal Court, October 2017
3. *United States vs. Ronnie McCall*, U.S. District Court EDTN, January 2016
4. *United States vs. Glenn Glatz*, U.S. District Court EDTN, July 2023

### E. Approval by Experts

By signing below and in accordance with Rule 16(a)(I)(G)(v), the expert witnesses have approved the disclosure set out in Section II of this letter.

Approval by Expert Witness (Rinaldi):

In accordance with Rule 16(a)(I)(G)(v) of the Federal Rules of Criminal Procedure, I have reviewed and approve the disclosures set forth in Section II of this letter as they relate to my potential testimony and background.

/s/ Pasquale Rinaldi (with permission)
Pasquale J. Rinaldi, Jr.
Senior Digital Forensic Examiner FBI

Approval by Expert Witness (McFall):

In accordance with Rule 16(a)(I)(G)(v) of the Federal Rules of Criminal Procedure, I have reviewed and approve the disclosures set forth in Section II of this letter as they relate to my potential testimony and background.

/s/ Stephen McFall (with permission)
Stephen D. McFall
Lead Engineer
Security Effects

Should you have any questions, please do not hesitate to contact me.

Respectfully,

/s/ Sarah Martin
Sarah Martin

Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, DC
 (202) 252-7048
Sarah.Martin@usdoj.gov