IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:22-cr-00408-CKK-1 |
| EDWARD KELLEY, | ) |
| | ) |
| Defendant. | ) |

## MOTION BY THE DEFENDANT EDWARD KELLEY TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT

COMES the Defendant Edward Kelley ("Kelley"), by and through counsel and pursuant to the United States Supreme Court decision in *Fischer v. United States*, 600 U.S. \_\_\_\_\_ (2024), and other applicable case law, and hereby moves this Court to dismiss Count two (2) of the Superseding Indictment against Kelley alleging a violation of 18 U.S.C.§1512(c).

### BACKGROUND

On September 25, 2024, the Government filed a Superseding Indictment (Superseding Indictment, ECF Doc. No. 52). The Superseding Indictment charges Kelley with twelve (12) counts relating to conduct on or about January 6, 2021, in Washington, D.C.

Relevant to this Motion is Count two (2) charging Kelley with Obstruction of an Official Proceeding and Aiding and Abetting the same:

> "On or about January 6, 2021, EDWARD KELLEY attempted to, and did, corruptly alter, destroy, mutilate, and conceal a record, document, or other object, with the intent to impair the object's integrity or availability for use in an official proceeding, and otherwise obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress specifically Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§15 – 18".

Kelley was first arrested on May 5, 2022 on a Criminal Complaint which charged him with Assault (18 U.S.C. §111(a)(1)); Obstruction of Law Enforcement During Civil Disorder (18 U.S.C.

§231(a)(3)); Destruction of Government Property (18 U.S.C. §1361); Unlawful Entry and Physical Violence (18 U.S.C. §1752(a)(1), (2), and (4); and Violent Entry, Disorderly Conduct and Other Offenses (40 U.S.C. §5104(e)(2)(B), (D), (F) and (G)).

The criminal complaint included a Statement of Facts prepared by an agent with the FBI office in Knoxville, Tennessee. To summarize: a witness (identified as Witness-1) drove a person he only knew as "Ed" to Washington, D.C. on January 5, 2021. Witness-1 and Ed stayed in separate hotel rooms at a downtown Washington, D.C. hotel from January 5, 2021, to January 7, 2021. Records acquired by the FBI showed "Edward Kelley" stayed in the hotel and checked in on January 5, 2021.

In June 2021, the FBI's Knoxville Division interviewed Kelley twice. Kelley admitted to traveling to Washington, D.C. on January 5, 2021; attending a rally for President Donald Trump at "The Ellipse" on January 6, 2021, and walking to the Capitol building. Kelley told agents that he walked around the Capitol, but did not enter. Kelley also described the clothing he was wearing on January 6, 2021.

According to the Statement of Facts, the FBI received additional information about Kelley at the Capitol and his action of January 6, 2021. The new information included Kelley at the Peace Monument across from the Capitol; Kelley moving from the Peace Monument to the Capitol while wearing a gas mask, clear glasses, black and grey gloves and a green tactical helmet; and various video footage acquired by the FBI from outside sources posted to the internet.

In the videos acquired by the FBI, Kelley is seen among the crowd at the Willard Hotel on January 5, 2021. Then on January 6, 2021 Kelley is seen in front of metal barricades and law enforcement outside the West Front of the Capitol building; moving to the scaffolding over the West Front Stairs; engaging in an altercation with United States Capital Police; pushing and pulling

on a metal barricade; moving closer to the Capitol building; using a piece of wood to breach the window adjacent to the Senate wing door; entering the window to the left of the Senate wing door; kicking open the Senate wing door; moving through several areas of the Capitol building and being seen in the Capitol Rotunda with a cell phone.

During the entire recitation of facts there is no allegation that Kelley ever destroyed, mutilated, or concealed a record, document, or other object or attempted to do so. Likewise, the indictment does not allege that Kelley destroyed, mutilated or concealed a record, document or other object for the purpose of obstructing an official proceeding.

Kelley was initially indicted only for a violation of 18 U.S.C. §1512(c)(2). The Superseding Indictment alleges a violation of 18 U.S.C. §1512(c), encompassing both (c)(1) and (c)(2). The Superseding Indictment however fares no better than the initial indictment, and on the Supreme Court's *Fischer* holding as well as other applicable case law, Kelley cannot be charged under §1512(c) and Count two (2) must be DISMISSED with PREJUDICE.

## ARGUMENT

### I.  STANDARD FOR MOTION TO DISMISS

"Pursuant to Federal Rule of Criminal Procedure 12(b)(3) a criminal defendant may, before trial, move to dismiss a count of the Indictment based on a defect in the Indictment." *United States v. Grider*, 585 F. Supp. 3d 21, 27 (D.D.C. 2022). "[D]efects include failure to state an offense." *Id*. "Failure to state an offense may be due to a question of statutory interpretation or a constitutional issue." *Id*.

"When considering a challenge to the indictment, a district court is limited to reviewing the facts of the indictment [and] must presume the allegations [in the] indictment to be true." *Id*. (citing, *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009). "The operative question is

3

whether [those] allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *Id*. (citing, *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012).

This Court has further expanded on the necessity of factual allegations. *See, United States v. Nance*, 533 F. 2d 699, 701 – 703 (D.D.C. 1976) (reversed as the indictment failed to make the necessary allegations). In *Hunter v. District of Columbia*, 47 App. D.C. 406 (D.C. Cir. 1918), the D.C. Circuit Court of Appeals said:

> "[I]t is elementary that an information or indictment must set out the facts constituting the offence, with sufficient clearness to apprise the defendant of the charge he is expected to meet, and to inform the court of their sufficiency to sustain a conviction…In other words, when the accused is led to the bar of justice, the information or indictment must contain the elements of the offense with which he is charged, with sufficient clearness to fully advise him of the exact crime which he is alleged to have committed."

This Court has also described a criminal complaint in terms satisfying at least two constitutional provisions. *United States v. Hitt*, 249 F. 3d 1010, 1016 (D.C. Cir. 2001). First, it gives Sixth Amendment notice of the nature and circumstances of the alleged crime so that the accused may meet the charge and defend himself. *Id*. (citing, *Hamling v. United States*, 418 U.S. 87, 117 (1974). Second, a valid indictment fulfills the Fifth Amendment's edicts that citizens are not placed in jeopardy twice for the same offense. *Id*. (citing, *Stirone v. United States*, 361 U.S. 212, 218 (1960); *United States v. Martinez*, 764 F. Supp. 2d 166, 170 (D.D.C. 2011).

A criminal complaint fulfills these fundamental constitutional provisions when it sets out both the elements of the crime charged and the factual circumstances that would satisfy those elements when assumed true. *Hamling*, 418 U.S. at 118 – 19. A criminal complaint may be dismissed as constitutionally insufficient when it does not join the elements with factual allegations. *See, Russell v. United States*, 369 U.S. 749, 763 – 771 (1962); *United States v. Hillie*, 227 F. Supp. 3d 57 (D.D.C. 2017).

*See also, United States v. Cruikshank*, 92 U.S. 542, 558 (1975):

"[The second object of an indictment] is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction. For this, facts are to be stated, not conclusions of law alone. It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definitions but, it must state the species, it must descend to particulars."

## II. <u>18 U.S.C. §1512</u>

18 U.S.C. §1512(c) provides -

(c)     Whoever corruptly –
(1)     alters, destroys, mutilates, or conceals a record, document or other object, or attempts to do so, with the intent to impair the objects integrity or availability for use in an official proceeding; or
(2)     otherwise, obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be fined…or imprisoned not more than 20 years, or both."

*18 U.S.C. §1512(c) (West 2024)*.

An official proceeding is defined in 18 U.S.C. §1515(a) as –

"(1)    A proceeding before a judge or a court of the United States, a United States Magistrate Judge, bankruptcy judge, a judge of the United States Tax Court, a special trial judge of the United States Tax Court, a judge of the United States Court of Federal Claims, or a Federal grand jury.
(2)     A proceeding before Congress;
(3)     A proceeding before a Federal Government agency which is authorized by law; or
(4)     A proceeding involving the business of insurance whose activities affect interstate commerce before any insurance regulatory official or agency or agent or examiner appointed by such federal official or agency to examine the affairs of any person engaged in the business of insurance whose activities affect interstate commerce."

*18 U.S.C. §1515(a)(1) (West 2024)*.

18 U.S.C. §1512(c) was enacted as part of the Sarbanes-Oxley Act of 2002. *See, Pub. L. No. 107-204, 116 Stat. 745*. "The Sarbanes-Oxley Act was…prompted by the exposure of Enron [Corporation's] massive accounting fraud and revelations that the Company's outside auditor, Arthur Andersen LLP had systematically destroyed potentially incriminating evidence." *Yates v.*

5

*United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64 (2015).  "The legislation was designed to protect investors and restore trust in financial markets following the collapse of Enron Corporation." *Id*. at 532.

### III. COUNT TWO OF THE SUPERSEDING INDICTMENT MUST BE DISMISSED

The scope of Section 1512(c)(2)'s reach was directly at issue in *Fischer v. United States*, 600 U.S. ____ (2024).  In *Fischer* the Supreme Court held that "to prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or…other things used in the proceeding, or attempted to do so."  Thus, post-Fischer unless the government is able to make that showing Section 1512(c)(2) is no longer a viable cause of action and the Superseding Indictment fails to state an offense.  As the Supreme Court noted, section 1512(c)(2) cannot cover all forms of obstructive conduct, "reading (c)(2) to cover all forms of obstructive conduct would override Congress's careful delineation of which penalties were appropriate for which offenses.  Most instances of these prohibited acts would instead fall under subsection (c)(2)'s sweeping reach which provides a 20-year maximum term of imprisonment.  Such a reading of subsection (c)(2) would lump together disparate types of conduct for which Congress had assigned proportionate penalties in (a)(2) and (d)(1)."  Thus, to the extent the Superseding Indictment alleges a violation against Kelley under section 1512(c)(2), it fails as a matter of law and must be dismissed.

A violation of section 1512(c)(2) fails for the same reason that any alleged violation of 1512(c)(1) fails as the indictment does not sufficiently state an offense under either (c)(1) or (c)(2). The Superseding Indictment just generically alleges the elements of an offense under §1512(c)(1) with no factual support that puts Kelley on notice of exactly how he violated section 1512(c)(1) or (c)(2).  If Kelley's actions on January 6, 2021 contributed to corruptly altering, destroying,

6

mutilating, and concealing a record, document or other object such that it could not be used as part of Congress's certification of the Electoral College vote, the Superseding Indictment does not state how he did so such that Kelley can properly defend against what is without question the most serious allegation. See, *United States v. Miller,* 605 F. Supp. 3d 63 (D.D.C. 2002) ("An indictment must contain the essential facts constituting the charged offense. Chief Justice John Marshall explained long ago…that: It is not controverted that in all proceedings in the Courts of common law, either against the person or the thing for penalties or forfeitures, the allegation that the act charged was committed in violation of law, or of the provisions of a particular statute will not justify condemnation, unless, independent of this allegation, a case be stated which shows that the law has been violated. The reference to the statute may direct the attention of the Court, and of the accused, to the particular statute by which the prosecution is to be sustained, but forms no part of the description of the offence. The importance of this principle to a fair administration of justice, to that certainty introduced and demanded by the free genius of our institutions in all prosecutions for offences against the laws, is too apparent to require elucidation, and the principle itself is too familiar not to suggest itself to every gentleman of the profession").

"The requirement that an indictment contain a few basic factual allegations accords defendants adequate notice of the charges against them and assures them that their prosecution will proceed on the basis of facts presented to the grand jury." *Id* at 68. (Citing, *United States v. Cecil*, 608 F.2d 1294, 1297 (9th Cir. 1979). ("The ... generally applicable rule is that the indictment may use the language of the statute, but that language must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged."

Likewise, the Government has not produced any evidence in discovery that would support either 1512(c) charge. It's clear that the statement of facts included as part of the initial criminal

7

complaint did not contemplate this charge. There is no mention of anything Kelley would have done to implicate culpability under Section 1512(c). In short, even construing the Superseding Indictment in the Government's favor, the Superseding Indictment does not state an offense under 18 U.S.C. §1512(c) against Kelley and Count two (2) must be DISMISSED.

## CONCLUSION

For reasons set forth herein, the Defendant Edward Kelley respectfully requests that Count one (1) of the Indictment be DISMISSED with PREJUDICE, along with such other and further general relief as this Court deems appropriate.

Respectfully submitted this 30th day of September 2024

/s/ Mark E. Brown
Mark E. Brown (D.C. Federal Bar No. TN0026)
MENEFEE & BROWN, P.C.
2633 Kingston Pike, Ste. 100
Knoxville, Tennessee 37919
Phone: (865) 357-9800
Fax: (865) 357-9810
email: mbrown@menefeebrown.com

*Attorney for the Defendant Edward Kelley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2024 a true and exact copy of this document has been served via this Court's electronic filing system. Service is made on all parties appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown