UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 22-cr-408 (CKK) |
| : | |
| EDWARD KELLEY, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT**

The United States of America respectfully opposes defendant Edward Kelley's Motion to Dismiss Count Two of the Superseding Indictment, filed on September 30, 2024 (ECF No. 55). The defense argues that Count Two, charging the defendant with Obstruction of an Official Proceeding in violation of 18 U.S.C. § 1512(c), should be dismissed because (1) the language of Count Two does not sufficiently put the defendant on notice of the charge against him; and (2) post *Fischer*, section 1512(c) is no longer a viable cause of action based on the facts alleged in this case. ECF No. 55 at 6-8. The defense motion must fail.

First, Count Two of the Superseding Indictment sufficiently puts the defendant on notice of the charge at issue because it conforms to the statutory language and provides the defendant with the date and location of the alleged offense. Further, as described herein, Count Two remains a viable cause of action in light of the Supreme Court's decision in *Fischer v. United States*, 603 U.S. --, 144 S. Ct. 2176, 2190 (2024).

**RELEVANT PROCEDURAL HISTORY**

On May 3, 2022, the defendant was charged by complaint for his conduct on January 6, 2021, which included three felony charges. On December 16, 2022, the Grand Jury returned an Indictment charging the defendant with 11 counts, including one count of Obstruction of an

Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). ECF No. 28. On September 25, 2024, the Grand Jury returned a Superseding Indictment, which again charged the defendant with Obstruction of an Official Proceeding, but under subsection (c), which includes both (c)(1) and (c)(2). ECF No. 52. Count Two of the Superseding Indictment reads as follows:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **EDWARD KELLEY** attempted to, and did, corruptly alter, destroy, mutilate, and conceal a record, document, and other object, with the intent to impair the object's integrity or availability for use in an official proceeding, and otherwise obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

ECF No. 52 at 2. The defendant now moves to dismiss Count Two. A bench trial is scheduled for October 28, 2024.

## LEGAL STANDARD

A pretrial motion may challenge "a defect in the indictment or information" if "the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B). A court's supervisory powers provide the authority to dismiss an indictment; however, "dismissal is granted only in unusual circumstances." *United States v. Ballestas*, 795 F.3d 138, 148 (D.C. Cir. 2015). An "indictment must be viewed as a whole" and the "allegations must be accepted as true" in determining if an offense has been properly alleged. *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.*

Further, Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Indeed, "[i]f contested facts surrounding the commission of the offense would be of any

2

assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010) (Gorsuch, J.). A criminal defendant may move for dismissal based only on a defect in the indictment, such as a failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). Thus, when ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and more specifically, the language used to charge the crimes. *See United States v. Bingert*, 605 F. Supp. 3d 111, 117 (D.D.C. 2022) (a motion to dismiss challenges the adequacy of an indictment on its face and the relevant inquiry is whether its allegations permit a jury to find that the crimes charged were committed); *United States v. McHugh*, No. 21-CR-453 (JDB), 2022 WL 1302880 at *2 (D.D.C. May 2, 2022) (a motion to dismiss involves the Court's determination of the legal sufficiency of the indictment, not the sufficiency of the evidence); *United States v. Puma*, No. 21-CR-454 (PLF), 2022 WL 823079 at *4 (D.D.C. Mar. 19, 2022) ("In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes") (quotation marks and citation omitted). A charging document may also fail to state an offense if the statutory provision at issue does not apply to the charged conduct or if the statutory provision at issue is unconstitutional. *See, e.g.*, *United States v. Eshetu*, 863 F.3d 946, 952 (D.C. Cir. 2017) ("The defense of failure of an indictment to charge an offense includes the claim that the statute apparently creating the offense is unconstitutional.") (citation omitted), *vacated on other grounds*, 898 F.3d 36 (D.C. Cir. 2018).

An indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). This may be accomplished by "echo[ing] the operative statutory text

3

while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018).  Importantly, an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976).

## ARGUMENT

**I.     Count Two is Legally Sufficient**

The defense argues that Count Two of the Superseding Indictment is legally deficient because it fails to put the defendant on notice such that he would be able to properly defend against the charge at trial.  ECF No. 55 at 7.  On the contrary, Count Two recites the statutory language of section 1512(c), ECF No. 52 at 2, and provides the time and location of the offense, *id.*, and is therefore legally sufficient.  *See Williamson,* 903 F.3d at 130.

As Judge Cooper explained in *United States v. Robertson*, because the Superseding Indictment "provide[s] all the essential elements of the offense [it] thus inform[s] the defendants of the nature of the accusation against" them.  588 F. Supp. 3d 114, 120 (D.D.C. 2022), *aff'd*, 103 F.4th 1 (D.C. Cir. 2023), *and aff'd*, 86 F.4th 355 (D.C. Cir. 2023), *and aff'd*, 84 F.4th 1045 (D.C. Cir. 2023) (finding that the pre-*Fischer* indictment language alleging a violation of 18 U.S.C. § 1512(c)(2) was legally sufficient).  Although Judge Cooper issued *Robertson* prior to the Supreme Court's ruling in *Fischer*, his reasoning as to the legal sufficiency of the indictment language is informative.  Here, as in *Robertson*, Count Two "echoe[s] the operative statutory text while also specifying the time and place of the offense (January 6, 2021, at the U.S. Capitol), the type of official proceeding (a proceeding before Congress), and the acts constituting obstruction", which in this case—and consistent with the subsequent ruling in *Fischer* but distinct from

4

*Robertson*—is the corrupt alteration, destruction, mutilation, and concealment of a record, document, and other object or otherwise rendering those delineated items unavailable. *Id.* at 120.

## II. Obstruction of an Official Proceeding Remains a Viable Charge Post *Fischer*

The defense further contends that Count Two is no longer a viable cause of action in light of the *Fischer* decision "unless the government is able to make [a] showing" that the defendant "impaired the availability or integrity for use in an official proceeding of records, documents, objects or . . . other things used in the proceeding, or attempted to do so." ECF No. 55 at 6. Importantly, and implicit in the defendant's argument, *Fischer* did not strike down 18 U.S.C. § 1512(c)(2), nor did it rewrite the text of the statute. Further, the *Fischer* Court did not hold that the statute can *never* apply to defendants who attempted to obstruct Congress's certification of the Electoral College vote on January 6, 2021. On the contrary, *Fischer* merely clarified that section 1512(c)(2) only criminalizes obstruction when "the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Fischer*, 144 S. Ct. at 2190. As Justice Jackson noted, while the majority narrowed the requirements of prosecuting a violation of 1512(c)(2), it did not render any decision on the merits of a future January 6 prosecution. *See Fischer* at 2194 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

This Court's inquiry ends there. Although the defense claims—incorrectly[1]—that "the [g]overnment has not produced any evidence in discovery that would support [a] 1512(c) charge",

---

[1] Although not relevant to the Court's inquiry on a motion to dismiss, the evidence in this case, all disclosed to defense during discovery, supports the charge of Obstruction of an Official Proceeding. The defendant's intent is made clear by his conduct before, on, and after January 6th, including but not limited to his:

5

such an argument is not properly entertained pretrial. An assessment of the government's proof would require a trial on the merits and is not permitted under Rule 12. *Pope*, 613 F.3d at 1259. Notably, "[a] criminal defendant cannot [] ground a pretrial motion to dismiss on a sufficiency-of-the-evidence argument because such a motion would raise questions of fact best left for the jury." *United States v. Coffman*, No. 5:24-CR-53-KKC-EBA, 2024 U.S. Dist. LEXIS 165203, at *3 (E.D. Ky. Sep. 13, 2024) (citing *United States v. Levin*, 973 F.2d 463, 468 n.2 (6th Cir. 1992) ("[A] defendant may not challenge an indictment on the ground that it is not supported by sufficient evidence [before the grand jury.]"); *see also United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) ("Unless there is a stipulated record . . . a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."); *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir. 1973) ("There is no authority under Rule 12, however, to dismiss on the basis of a sufficiency-of-the-evidence defense[.]")). That is exactly what the defendant attempts to do here, and his motion should be denied on that basis.

---

A. Pre-January 6th conduct and statements;
B. Presence at a gathering in D.C. on January 5th;
C. Attendance of the "Stop the Steal" rally;
D. Assault on a police officer while trying to gain illegal entry onto Capitol grounds and the building;
E. Inference with police;
F. Early and violent illegal entrance into the Capitol;
G. Destruction of property; and
H. Presence in the Senate Gallery.

Perhaps most significantly, Kelley's intent was made incredibly clear when he and other rioters confronted Officer Eugene Goodman and demanded: "Where are they counting?!" ECF No. 1-1 at ¶ 19-20.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendant's Motion to Dismiss Count Two.

                              Respectfully submitted,

                              MATTHEW M. GRAVES
                              United States Attorney
                              D.C. Bar No. 481052

By:    /s/ *Sarah Martin*
        SARAH MARTIN
        Assistant United States Attorney
        D.C. Bar 1612989
        601 D Street NW
        Washington, DC
        (202) 252-7048
        Sarah.Martin@usdoj.gov

        PATRICK HOLVEY
        DC Bar No. 1047142
        Assistant United States Attorney
        United States Attorney's Office
        601 D Street N.W.
        Washington, D.C. 20530
        Telephone: 202-252-7224
        Patrick.Holvey@usdoj.gov