UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        v.<br><br>EDWARD KELLEY,<br><br>        Defendant. | Criminal Action No. 22-408 (CKK) |

**MEMORANDUM OPINION**
(October 17, 2024)

Defendant Edward Kelley faces trial on multiple felony and misdemeanor charges related to his alleged conduct during the riot at the United States Capitol on January 6, 2021. Now pending before the Court is Kelley's [55] Motion to Dismiss Count Two of the Superseding Indictment, which charges Kelley with Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c) and 2 ("Def.'s Mot." or "Motion"). Kelley argues that Count Two must be dismissed because it is not sufficiently specific to give him fair notice or state an offense and because the Government has not produced evidence that would support a conviction on it. *Id.* The Government opposes the Motion. Gov't's Opp'n to Def.'s Mot., ECF No. 60. Upon consideration of the pleadings,[1] the relevant legal authority, and the entire record, the Court shall **DENY** the Motion to Dismiss Count Two of the Superseding Indictment.

**I. BACKGROUND**

Kelley is one of hundreds of individuals charged with federal crimes for alleged conduct during the riot at the United States Capitol on January 6, 2021. *See* Statement of Facts, ECF No. 1-1. The Government alleges that Kelley travelled from Maryville, Tennessee to Washington,

---

[1] The Court's consideration has focused on Kelley's Motion to Dismiss Count Two of the Superseding Indictment, ECF No. 55; the Government's Opposition to the Motion, ECF No. 60; Kelley's Reply in Support of the Motion, ECF No. 64; the Superseding Indictment, ECF No. 52; and the Statement of Facts in Support of the Criminal Complaint, ECF No. 1-1.

1

D.C. on January 5, 2021, and on January 6 attended a rally on the Ellipse in support of then-President Donald J. Trump. *Id.* at 2. Kelley went from that rally to the United States Capitol. *Id.* There, the Government alleges that he joined the crowd attempting to force its way through metal barricades and into the Capitol while the United States Congress was meeting to certify the vote count of the Electoral College. *Id.* at 1–2, 6. The Government alleges that during the violent struggle that ensued, Kelley and two other men threw a United States Capitol Police Officer to the ground. *Id.* at 6–7. The Government also alleges that Kelley pushed and pulled on a metal barricade erected to block access to the Capitol, *id.* at 7, broke open and climbed through a window adjacent to the Senate Wing Door, *id.* at 8, and then kicked open the Senate Wing Door, *id.* at 8. According to the Government, Kelley then moved through several areas of the Capitol, including the Ohio Clock Corridor, the Crypt, the Senate Gallery, and the Rotunda. *Id.* at 9. Kelley allegedly entered the Capitol at 2:13 p.m. and left at 2:54 p.m., having remained inside for approximately 40 minutes. *Id.* at 8, 12–13.

For this conduct, a grand jury charged Kelley by Indictment in December 2022 with several offenses, including obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). Indictment, ECF No. 28 at 2.

Section 1512(c) provides, in relevant part:

Whoever corruptly--

> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both. 18 U.S.C. § 1512(c).

2

The original Indictment, relying on subsection (c)(2)'s reference to conduct that "otherwise obstructs, influences, or impedes an official proceeding, or attempts to do so," alleged the following in support of the obstruction charge:

> On or about January 6, 2021, within the District of Columbia and elsewhere, EDWARD KELLEY attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

Indictment, ECF No. 28, at 2. The Indictment described this conduct as a violation of 18 U.S.C. §§ 1512(c)(2) and 2. *Id.*

After the grand jury returned this Indictment, the United States Supreme Court held in *Fischer v. United States*, 144 S. Ct. 2176 (2024), that "[t]o prove a violation of Section 1512(c)(2), the Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or . . . other things used in the proceeding, or attempted to do so." *Id.* at 2190. The Court reached this conclusion because it concluded the word "otherwise" in subsection (c)(2) is "limited by the preceding list of criminal violations" in subsection (c)(1). *Id.* at 2185.

In late September 2024, with the benefit of the Supreme Court's decision in *Fischer* authoritatively interpreting the scope of § 1512(c), a grand jury returned a Superseding Indictment. ECF No. 52. Count Two of the Superseding Indictment replaces the original Indictment's obstruction charge with a new charge based on the entirety of § 1512(c), which alleges:

> On or about January 6, 2021, within the District of Columbia and elsewhere, EDWARD KELLEY attempted to, and did, corruptly alter, destroy, mutilate, and conceal a record, document, and other object, with the intent to impair the object's integrity or availability for use in an official proceeding, and otherwise obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

*Id.*

Kelley now moves to dismiss Count Two of the Superseding Indictment, arguing that it lacks the necessary factual specificity to place him on notice of the specific offense for which he must defend himself and enable him to avoid double-jeopardy. Def.'s Mot. at 4, 6–7. He also briefly argues that the Government has not produced any evidence in discovery that would support a conviction under § 1512(c), as interpreted by the Supreme Court in *Fischer*. Def.'s Mot. at 7–8.

## II. ANALYSIS

### A.      Count Two of the Superseding Indictment is legally sufficient.

An indictment is constitutionally sufficient if it both "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend" and enables him to protect against double jeopardy by "plead[ing] an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also* U.S. Const. amend. VI (guaranteeing criminal defendant's right "to be informed of the nature and cause of the accusation" against him); U.S. Const. amend. V (guaranteeing right not "to be twice put in jeopardy of life or limb" for the same offense). The Federal Rules of Criminal Procedure implement these constitutional rules by providing that an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P 7(c).

When the general words of the criminal statute defining the offense "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished," the indictment may describe the offense using those general terms "accompanied with such a statement of facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (first quoting *United States v. Carll*, 105 U.S. 611, 612 (1881); and then

quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). Consistent with these standards, an indictment that "echoe[s] the statutory language" of the relevant criminal statute "while adding a time and place of the charged offense" can be constitutionally sufficient if the details in the indictment give the defendant "fair notice of the charge against which he would need to defend himself" and "enable[] him to protect himself against future prosecution for the same offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018).

Count Two of the Superseding Indictment satisfies these standards. By both reciting all the elements of an offense under 18 U.S.C. § 1512(c)—as authoritatively interpreted in *Fischer*—and specifying the place, date, and purpose of the alleged offense, Count Two both gives Kelley fair notice of the charge against which he must defend himself and protects him against later being charged again for the same offense.

In *United States v. Resendiz-Ponce*, the Supreme Court expressly approved of an indictment that—like Count Two in this case—closely tracked the language of the relevant statute, adding only the most basic background information about the alleged offense. *See* 549 U.S. 102, 108–09 (2007). The indictment in that case alleged that the defendant had violated a statute making it a crime to "attempt[] to enter . . . the United States" without permission after previously having been "denied admission, excluded, deported, or removed," but the indictment did not specify any overt act the defendant had taken toward entering the country. *Id.* at 104–05; *see* 8 U.S.C. § 1326(a). Instead, it recited the elements of the offense as defined in the statute and specified the date and place where the offense allegedly occurred. *Resendiz-Ponce*, 549 U.S. at 105. The Court rejected the argument that the indictment needed to specify any individual overt act to withstand constitutional scrutiny, reasoning that any overt act the defendant may have taken would have been "part of a single course of conduct culminating in the charged 'attempt.'" *Id.* at

109. Because the time-and-place information in the indictment gave the defendant adequate notice of the charge against which he must defend himself and "provided ample protection against the risk of multiple prosecutions for the same crime," the Court held the indictment was sufficient. *Id.* at 108, 111.

Count Two of the Superseding Indictment in this case is sufficient for the same reasons the Supreme Court upheld the indictment challenged in *Resendiz-Ponce*. By specifying that Count Two charges conduct occurring "[o]n or about January 6, 2021, within the District of Columbia and elsewhere" that was intended to interfere with "Congress's certification of the Electoral College vote," the Government has defined the conduct at issue with enough specificity to give Kelley fair notice of the charge against which he must defend and to protect him from being prosecuted more than once for the same offense.

Contrary to Kelley's arguments, it is not necessary for the indictment to state exactly *how* his conduct satisfies each element of the offense, such as by specifying which actions he took, aided, or attempted "with the intent to impair the integrity or availability" of a "record, document, or other object" to be used in Congress's certification of the Electoral College vote. *See* Superseding Indictment, ECF No. 52, at 2. The Supreme Court rejected any requirement for that level of specificity in *Resendiz-Ponce* when it held that an indictment charging an unlawful attempt to reenter the United States need not allege any specific overt act in furtherance of reentry. 549 U.S. at 109, 111. Instead, it is sufficient that Count Two alleges all the elements of the offense and provides enough contextual detail to afford Kelley fair notice and ample protection from double jeopardy. *Id. at* 109.

In sum, the Court concludes that Count Two of the Superseding Indictment is legally sufficient under the Fifth and Sixth Amendments and Federal Rule of Criminal Procedure 7(c).

**B.    Any asserted insufficiency in the Government's evidence is not a proper basis for pretrial dismissal of Count Two of the Superseding Indictment.**

Finally, Kelley briefly argues in his Motion that Count Two should be dismissed because the Government has not produced any evidence in discovery that would support a conviction under § 1512(c), as interpreted by the Supreme Court in *Fischer*. Def.'s Mot. at 7–8. However, the sufficiency of the Government's evidence is not a proper issue for this Court to resolve in the context of a pretrial motion to dismiss an indictment because that issue cannot be "determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Instead, "[w]hen considering a motion to dismiss an indictment, a court assumes the truth of [the indictment's] factual allegations" without inquiring into the sufficiency of Government's evidence in support of those allegations. *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015). Because the factual allegations in Count Two would, if proven, constitute an offense under 18 U.S.C. §§ 1512(c) and 2, *see Fischer*, 144 S. Ct. at 2190, the Court shall not dismiss Count Two before trial based on any asserted insufficiency of the Government's evidence.

### III. CONCLUSION

For the foregoing reasons, the Court shall **DENY** the Motion to Dismiss Count Two of the Superseding Indictment. An appropriate Order accompanies this Memorandum Opinion.

**Dated:** October 17, 2024            /s/
                                                              COLLEEN KOLLAR-KOTELLY
                                                              United States District Judge