UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD KELLEY,<br><br>Defendant. | Criminal Action No. 22-408 (CKK) |

MEMORANDUM OPINION
(October 18, 2024)

Defendant Edward Kelley faces trial on multiple felony and misdemeanor charges related to his alleged conduct during the riot at the United States Capitol on January 6, 2021. The Court described Kelley's alleged role in the events of that day in its prior Memorandum Opinion in this case. *See* Mem. Op., ECF No. 68. For this conduct, a grand jury charged Kelley by Superseding Indictment in September 2024 with multiple felony and misdemeanor offenses. ECF No. 52. Now pending before the Court are the Government's [48] Motion *in Limine* Regarding Evidence about the Specific Locations of U.S. Capitol Police Surveillance Cameras, [49] Motion *in Limine* Regarding Cross-Examination of U.S. Secret Service Witness, and [50] Motion *in Limine* to Preclude Improper Defense Arguments and Evidence about Law Enforcement. Kelley filed responses to all three motions, opposing them in part. *See* ECF Nos. 57–59. Upon consideration of the pleadings,[1] the relevant legal authority, and the entire record, the Court shall **GRANT IN PART** the Government's [48] Motion regarding the locations of U.S. Capitol Police surveillance cameras and its [49] Motion regarding cross-examination of its Secret Service witness and otherwise **DEFER RULING ON** those Motions until the relevant issues arise during trial. The

---

[1] The Court's consideration has focused on the Government's Motions *in Limine*, ECF Nos. 48–50; Kelley's Responses to the Motions, ECF Nos. 57–59; the Superseding Indictment, ECF No. 52; and the Statement of Facts in Support of the Criminal Complaint, ECF No. 1-1.

1

Court shall also **DEFER RULING ON** the Government's [50] Motion to preclude certain defense arguments until the relevant issues arise during trial.

## I. LEGAL STANDARD

District courts may grant motions *in limine* to "narrow the evidentiary issues for trial" and "eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 11 (D.D.C. 2011) (CKK) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1070 (3d Cir. 1990)). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings," district courts may entertain and grant such motions to decide evidentiary issues pursuant to their "inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 (1984) (citing Fed R. Evid. 103(c); Fed. R. Crim. P. 12(e)).

When deciding motions *in limine*, like other evidentiary motions, this Court must assess the relevance of the proffered evidence and weigh its probative value against any factors that counsel against admissibility. Fed. R. Evid. 401–03. Evidence is relevant if it tends to make any fact that "is of consequence to determining the action" more or less probable than it would be without the evidence. Fed. R. Evid. 401. "Relevant evidence is admissible" unless a rule, statute, or constitutional provision provides otherwise. Fed. R. Evid. 402. However, the Court may exclude relevant evidence if its probative value is "substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

District courts are afforded "a wide discretion" when applying these standards to decide whether to admit evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). That discretion "extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Graves*, 850 F. Supp. 2d at 11. Accordingly, the Court has discretion "to

await developments at trial before ruling" on an evidentiary issue raised in a motion *in limine*, rather than granting the motion before trial. *Id.* (quoting Stephen A. Saltzburg et al., *Federal Rules of Evidence Manual* § 103.02[13] (9th ed. 2006)).

## II. ANALYSIS

### A. Camera Locations and U.S. Secret Service Procedures

The Government moves to limit the introduction of evidence related to the location of surveillance cameras in and around the U.S. Capitol and the details of specific protocols of the United States Secret Service that go beyond the scope of the evidence the Government intends to elicit on direct examination. ECF Nos. 48 at 1–5; ECF No. 49 at 1–5. The Government also requests that, in the interest of national security, any hearing on the admissibility of disputed evidence related to these issues be conducted *in camera*. ECF No. 48 at 5–6, ECF No. 50 at 5–6.

Kelley responds that he should not be precluded from cross-examining witnesses about surveillance camera locations or Secret Service procedures if those issues arise on direct examination. ECF No. 57 at 1; ECF No. 58 at 1. He also argues that he should be allowed to present video recorded by U.S. Capitol Police cameras and introduce evidence of their general locations. ECF No. 57 at 1. Finally, he argues that he should not be precluded from introducing "any information that has been publicly reported," including certain details about the location of the Vice President during the events of January 6 that he contends are available in "public reports." ECF No. 58 at 1.

As other courts in this District have recognized, evidence of U.S. Capitol Police camera locations and Secret Service protocols is of limited relevance or probative value in cases arising from the events of January 6, and its introduction risks confusing the issues, wasting time, and potentially compromising compelling national security interests. *See, e.g.*, *United States v. Easterday*, No. 22-cr-404, 2023 WL 6646384, at *2 (D.D.C. Oct. 12, 2023) (JEB).

Therefore, upon consideration of the present record and the parties' arguments, the Court shall grant the Government's motions to exclude evidence of specific camera locations and Secret Service procedures in part, with three limitations. First, the Court shall only exclude information that exceeds the scope of the Government's evidence on direct examination. Second, the Court shall allow Kelley to introduce video recorded by U.S. Capitol Police cameras and elicit evidence of the general areas of the Capitol where relevant cameras are located. Third, the Court shall defer ruling on the admissibility of information on these topics that Kelley contends has been "publicly reported," which Kelley may seek to introduce by filing a motion for *in camera* hearing regarding the relevant evidence. Otherwise, Kelley shall be prohibited from introducing or eliciting evidence of nonpublic information beyond the scope of direct examination regarding the specific location of surveillance cameras in and around the U.S. Capitol or regarding specific Secret Service protocols or emergency procedures.

### B.   Potential Defense Arguments

The Government also moves to preclude certain arguments and evidence about action or inaction by law enforcement during the riot at the U.S. Capitol on January 6. *See generally* ECF No. 50.

*First*, the Government seeks to preclude argument and limit the introduction of evidence in support of any entrapment-by-estoppel theory to the effect that law enforcement officers authorized Kelley's conduct. ECF No. 50 at 1–3. Kelley does not oppose this aspect of the Motion but represents that he has "no plans" to assert an entrapment-by-estoppel defense. ECF No. 59 at 1.

*Second*, the Government seeks to preclude argument and limit the introduction of evidence in support of any contention that inaction by law enforcement officers rendered Kelley's conduct lawful. ECF No. 50 at 3–4. Again, Kelley does not oppose this aspect of the Motion but represents

that he does not plan to argue that law enforcement inaction rendered his conduct lawful. ECF No. 59 at 1.

*Third*, the Government argues that Kelley should not be permitted to present or elicit evidence of any inaction by law enforcement officers unless he was personally aware of that inaction. ECF No. 50 at 4–5. Kelley opposes this aspect of the Motion, arguing that it is premature. ECF No. 59 at 1. He notes that he may choose to testify in his own defense and could lay proper foundation for some testimony about inaction by law enforcement officers of which he was personally aware. *Id.*

The Court concludes that ruling on these issues would be premature, particularly in the context of a bench trial. *Accord United States v. Bru*, No. 21-cr-352, 2023 WL 4174293, at *3 (D.D.C. June 26, 2023) (JEB). The Court shall not "preemptively limit legal arguments" that Kelley may later present to the Court in a motion for acquittal or other proper relief on the basis that his conduct was protected by the Constitution or did not fall within the prohibitions of the relevant criminal statutes. *See United States v. Griffith*, No. 21-cr-244-2, 2023 WL 2043223, at *5 (D.D.C. Feb. 16, 2023) (CKK). And the Court shall not preemptively exclude evidence of action or inaction by law enforcement, which may, depending on the evidence developed at trial, prove to be relevant to Kelley's state of mind. Instead, the Court shall rule on the admissibility of any such evidence at trial, weighing its probative value against the risk of unfair prejudice and any other factors that counsel against admissibility. *See* Fed. R. Evid. 403. The Court shall therefore defer ruling on the Government's motion to preclude arguments and evidence on these topics. Before presenting argument or offering or eliciting evidence on these topics in open court, Kelley shall identify the argument or evidence he intends to present and request a ruling from the Court on its admissibility.

## III. CONCLUSION

For the foregoing reasons, the Court shall **GRANT IN PART** and otherwise **DEFER RULING ON** the Government's Motions *in Limine*. An appropriate Order accompanies this Memorandum Opinion.


**Dated:** October 18, 2024          /s/_____
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge